# Matter of A-K-R-, Respondent

*Decided August 14, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The Immigration Judge properly denied the respondent's request for a further continuance to seek legal counsel based on a lack of good cause, consistent with the governing statutes and regulations.

(2) The only statutory or regulatory time requirement that is necessary to safeguard an alien's privilege of legal counsel is that the first hearing may not be scheduled earlier than 10 days after service of the notice to appear as set forth in section 239(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229(b)(1). *Matter of C-B-*, 25 I&N Dec. 888 (BIA 2012), modified.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jae Il Lee, Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and CHABAN, Appellate Immigration Judges.

MALPHRUS, Chief Appellate Immigration Judge:

The respondent, a native and citizen of India, appeals the March 18, 2026, decision of the Immigration Judge denying his request for a continuance, deeming his opportunity to apply for relief abandoned, and entering an order of removal. We will dismiss the appeal.

The respondent illegally entered the United States and, on January 8, 2026, was issued a notice to appear and detained. On February 3, 2026, he appeared at an initial master calendar hearing, was provided with standard advisals, and was granted 2 weeks to find counsel or file an application for relief. At the next hearing on February 17, 2026, the respondent requested additional time to find an attorney and was granted 2 more weeks. However, the Immigration Judge warned the respondent that he needed to have counsel by the next hearing or be prepared to represent himself, because no further continuances for counsel would be granted.

At the next hearing on March 2, 2026, the respondent appeared without counsel and admitted the allegations in the notice to appear. The Immigration Judge sustained the charge of removability and, after the

respondent expressed a fear of return to India, informed him that he could be eligible for withholding of removal or protection under the Convention Against Torture.  The Immigration Judge ordered him to file an application for relief on or before March 18, 2026, or he would be ordered removed.

On March 18, 2026, the respondent appeared without an application, explained that he was unable to get any documents, and requested an additional continuance.  The Immigration Judge denied the request for a continuance and ordered the respondent removed from the United States.

On appeal, the respondent states that he was unable to contact an attorney or obtain documents to support his claim due to a lack of funds or people outside detention who could assist him.  Further, the respondent asserts that he lacked the education necessary to complete an application for relief by himself.  He has still not filed a completed application for relief from removal.

An Immigration Judge may grant a continuance in his or her discretion "for good cause shown."  8 C.F.R. § 1003.29 (2020); *see also Matter of Sibrun*, 18 I&N Dec. 354, 355–57 (BIA 1983).  An alien in removal proceedings has the statutory and regulatory privilege of being represented by counsel of their choice at no expense to the Government.  *See* sections 240(b)(4)(A) and 292 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1229a(b)(4)(A), 1362 (2024); 8 C.F.R. §§ 1003.16(b), 1240.3, 1240.11(c)(1)(iii) (2026).  To secure this privilege, Congress has provided that:  (1) the notice to appear for removal proceedings shall indicate that the alien may be represented by counsel and include a list of attorneys available to represent the alien pro bono; and (2) the first hearing date shall not be scheduled earlier than 10 days after service of the notice to appear.  INA § 239(a)(1)(E), (b)(1)–(3), 8 U.S.C. § 1229(a)(1)(E), (b)(1)–(3) (2024).  The statute further provides that "[n]othing in this subsection may be construed to prevent the Attorney General from proceeding against an alien pursuant to section 240 if the [10-day] time period described in paragraph (1) has elapsed and the alien has failed to secure counsel."  INA § 239(b)(3), 8 U.S.C. § 1229(b)(3).

We recognize that in *Matter of C-B-*, 25 I&N Dec. 888, 889 (BIA 2012), we stated that to "meaningfully effectuate the statutory and regulatory privilege of legal representation," an Immigration Judge "must grant a reasonable and realistic period of time to provide a fair opportunity for a respondent to seek, speak with, and retain counsel."  However, we did not cite any authority for this proposition, and the language in *Matter of C-B-* departs from the clear statutory text.  The respondent in *Matter of C-B-*

correctly asserted that he was given only 8 days between the service of his NTA and his first hearing, which was in violation of section 239(b)(1) of the INA, 8 U.S.C. § 1229(b)(1), but *Matter of C-B-* does not reference the statutory language.  The statement in *Matter of C-B-* regarding the legal standard it purported to create with respect to the right to counsel departed from the text of the statute and is dicta.[1]  We withdraw from this statement in *Matter of C-B-* as setting forth a statutory or regulatory mandate.  *See* INA § 239(a)(1)(E), (b)(1), (b)(3), 8 U.S.C. § 1229(a)(1)(E), (b)(1), (b)(3).  Thus, the only statutory or regulatory time requirement that is necessary to safeguard an alien's privilege of legal counsel is that the first hearing may not be scheduled earlier than 10 days after service of the notice to appear. INA § 239(b)(1), 8 U.S.C. § 1229(b)(1).

The respondent's first hearing occurred 26 days after the service of his notice to appear, and the Immigration Judge granted him two continuances to seek counsel.  This clearly complied with any statutory and regulatory mandates, and the respondent has not shown good cause for any further continuance.  The respondent asserts that he could not contact any attorneys or his family.  However, he also claims that he discussed his case with his previous attorney, and that his family told him all the attorneys they contacted required additional documents to complete and file his application.[2]  He states that he did not have the financial resources to hire a new lawyer, but he was advised of the list of free or low-cost legal services by the Immigration Judge.  There is no indication that any of the respondent's efforts to obtain counsel would have been imminently successful.  Also, he

---

[1]  The United States Court of Appeals for the Fourth Circuit recently relied on this statement in *Matter of C-B-*, 25 I&N Dec. at 889, to conclude that an alien's statutory right to counsel was violated when she was denied a continuance to seek new counsel after her attorney withdrew approximately a month before her hearing.  *Rodriguez-Solis v. Blanche*, 177 F.4th 266, 273–75 (4th Cir. 2026).  However, the language of *Matter of C-B-* is not based on the statutory text and we have withdrawn from that language as a statutory and regulatory standard.  We agree with the dissent in *Rodriguez-Solis* that the alien was given sufficient time to find new counsel based on the circumstances in that case.  *Id*. at 285–87 (Quattlebaum, J., dissenting).  We further agree with the dissent that "complying with these [statutory] provisions is all that is necessary to safeguard an alien's privilege of counsel" and that "[b]y requiring more, the majority creates a right that doesn't exist under the statute's text."  *Id.* at 283–284 (citation modified).

[2]  The only documents a single applicant like the respondent must submit with the application are a copy of all passports or other travel documents in the applicant's possession and a copy of any United States immigration documents, if the applicant has such documents.  *See* Instructions for Application for Asylum and for Withholding of Removal, Part 1, VI  (July 28, 2026).

states that, due to a lack of education, he could not complete the application himself and was trying to find help, but he does not include any specifics as to what diligent steps he took, if any, to complete the application or find assistance to do so. Under the factual circumstances of this case, the Immigration Judge could have proceeded without granting a second continuance for the respondent to obtain counsel.

The Fifth Circuit, in whose jurisdiction this cases arises, has assumed without deciding that, while aliens do not have a Sixth Amendment right to counsel, they may have a Fifth Amendment due process right to counsel. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (explaining that an alien has no Sixth Amendment right to counsel in removal proceedings but noting that a claimed violation of the right to counsel "may implicate due process concerns under the Fifth Amendment"). However, there can be no reasonable argument that due process was not provided or that the privilege to obtain counsel was otherwise violated under the facts of this case. *See Ogbemudia v. INS*, 988 F.2d 595, 599 (5th Cir. 1993) (deeming 1 month sufficient time for a detained alien to find counsel). The Immigration Judge properly denied the respondent's request for a further continuance to seek legal counsel based on a lack of good cause, consistent with the governing statutes and regulations. Accordingly, we will dismiss the respondent's appeal.

**ORDER:** The appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).